[No. 14117.   Department Two. — September 12, 1891.]

# PIERRE SALLE, RESPONDENT, v. MARIUS MAYER, APPELLANT.

ASSUMPSIT — EVIDENCE — VOID PAROL CONTRACT FOR LEASE — EXPLANA-
TORY PROOF. — In an action of *assumpsit* for goods sold and delivered,
money paid out, and labor performed by the plaintiff, the indebtedness
for which appears to have accrued to the plaintiff while residing upon the
defendant's land, testimony of the plaintiff that he was induced to go on
the land by a verbal promise of the defendant that he would give the
plaintiff a five years' lease thereof, but that after his removal to the
premises the defendant refused to execute the lease, and told him to go
on and cultivate the land and that he would pay him for the work, is ad-
missible as explanatory of how he was induced to go upon the land,
and is not rendered inadmissible because the proposed lease was for
more than a year and was not in writing.

ID. — CROSS-EXAMINATION — HOSTILE FEELINGS OF DEFENDANT — HARMLESS
ERROR. — In such action, the refusal of the court to allow the defendant's
counsel to ask the plaintiff, on cross-examination, as to what his feelings
were toward the defendant at the time he made a written statement of
the accounts between himself and the defendant, which had been made
nearly a year before the trial, and which the plaintiff had introduced
in evidence, if error at all, was not prejudicial.

ID. — IMPEACHMENT OF WITNESS — INSUFFICIENT FOUNDATION — ADMISSION
OF TENANCY DENIED — RECORD OF FORMER ACTION. — Where the plain-
tiff in such action testified, upon cross-examination, that upon a date
prior to the action, when the defendant entered the premises and ousted
him, he did not claim to be in possession of the premises under a lease,
because there was no lease, it is not error for the court to refuse to per-
mit the defendant to introduce in evidence a transcript in a former action,
wherein the plaintiff had recovered from the defendant damages for the
entry, for the purpose of showing a former admission of the plaintiff that
he was in possession as tenant, if the witness had not been asked what
he had admitted or alleged in the former action, and his attention had
not been called to the transcript.

APPEAL from a judgment of the Superior Court of San Bernardino County, and from an order denying a new trial.

The facts are stated in the opinion.

*Reymert, Orfila & Reymert,* for Appellant.

The lower court erred in denying the motion to strike out the testimony of the plaintiff in regard to the contract for the lease of the property, testified to by him, as the lease was for more than one year, and not in writing.

(See Civ. Code, sec. 1741; Code Civ. Proc., secs. 1971, 1973, subd. 5.) The court also erred in sustaining the objection of plaintiff to the question asked the plaintiff by the defendant as to what his feelings were toward the defendant at the time he made the statement of account between them. (Starkie on Evidence, 8th ed., sec. 195; 1 Greenl. Ev., secs. 446, 450; *Harper* v. *Lamping*, 33 Cal. 647; *People* v. *Benson*, 52 Cal. 381.) The party against whom a witness is called may cross-examine him for the purpose of showing his hostility. (*Hartman* v. *Rogers*, 69 Cal. 643; *People* v. *Lee Ah Chuck*, 66 Cal. 667; *People* v. *Wasson*, 65 Cal. 539; *People* v. *Turner*, 65 Cal. 540; *Luhrs* v. *Kelly*, 67 Cal. 289.) The court erred in refusing to admit in evidence the transcript of the former action between the same parties, which contained an admission by the plaintiff of his possession of the premises as the tenant of the defendant, as it was offered in evidence simply to disprove the case he was attempting to make. (*Jackson* v. *Feather River etc. Co.*, 14 Cal. 18.)

*Elmer E. Rowell*, and *Willis, Cole & Craig*, for Respondent.

VANCLIEF, C. — This action is of the nature of a common-law action of *assumpsit*. The complaint contains three counts: 1. For goods sold and delivered; 2. For money paid for the use of the defendant; and 3. For labor performed by plaintiff for the defendant.

As to the first count, defendant's answer admits the sale of the goods, but pleads payment. As to the second, the answer merely denies that the defendant " is indebted to plaintiff in the sum " demanded, or in any other sum. As to the third count, the answer simply denies that plaintiff performed the alleged labor or any labor for defendant " *at his instance and request.*"

The answer alleged counterclaims against the plaintiff for money paid for plaintiff's use; for money loaned; for personal property of defendant converted by plaintiff to his own use; and for pasturing plaintiff's cow.

The balance of plaintiff's demand, after crediting

defendant with payment of $129.39, is $873; and the amount of defendant's counterclaims is $673.

The case was tried by a jury, whose verdict was for plaintiff in the sum of five hundred dollars, upon which judgment was rendered. The appeal is from the judgment, and from an order denying defendant's motion for a new trial.

1. The point that the evidence was insufficient to justify the verdict is not sustained; for although the evidence is conflicting, that on the part of the plaintiff sufficiently tends to prove that a balance of five hundred dollars was due from defendant to plaintiff, to justify the verdict.

2. It appears that plaintiff, with his family, was residing on defendant's land—a tract of 115 acres—from December, 1887, until February, 1889, during which period the alleged indebtedness of defendant to plaintiff accrued. The plaintiff testified that he was induced to go on the land by a verbal promise of defendant that he would execute to plaintiff a lease of the land for a term of five years; that after his removal the defendant refused to execute the lease, but told plaintiff to go on and cultivate the land, and that he (defendant) would pay for the work. Defendant's counsel moved the court to strike out "all the testimony in regard to the contract for the lease, . . . . on the ground that the lease was for more than a year, and not in writing." It is insisted that the denial of this motion was error. But the testimony was not intended to prove a lease, but only to explain how plaintiff was induced to remove his family upon defendant's land. Plaintiff claimed nothing under the lease which he said had been promised by defendant, but distinctly testified that it was never executed. The testimony, therefore, was not objectionable on the ground stated.

3. While testifying in his own behalf, plaintiff produced a written statement of accounts between himself and defendant, which he said he had made nearly a year before the trial. This statement was marked "Plaintiff's

Exhibit One." On cross-examination, defendant's counsel asked the following question: "What were your feelings toward the defendant at the time you made plaintiff's exhibit 1?" The court sustained an objection to this question, and it is claimed that the ruling was prejudicial error. But conceding that it was error, I think it was harmless. It was material that the jury should have been informed what were the feelings of the witness toward the defendant at the time he was testifying. What they were nine or ten months before could have been material only by virtue of the *prima facie* presumption that unfriendly feelings usually continue nine or ten months. But without the aid of this presumption, it must have appeared to the jury that the feelings of the plaintiff and defendant towards each other were hostile at the time of the trial, and this was doubtless considered by the jury in estimating the credibility of plaintiff's testimony.

4. Before the defendant opened his case, and upon cross-examination of the plaintiff, defendant's counsel asked the following question: "Did you, on February 13, 1889, when defendant threw your things out, claim to be his tenant, and in possession of that place as his tenant?" The court sustained an objection to this question, but the witness answered the question as follows: " At that time I did not claim, and could not claim, to be in possession under a lease, because there was no lease." Thereupon, "for the purpose of showing the relation of plaintiff and defendant February 13, 1889, and the character of plaintiff's possession," and to show a former admission of plaintiff that he was in possession as tenant, defendant's counsel offered in evidence what he called the judgment roll from a justice's court in a former action between the parties to this action, wherein the plaintiff herein recovered from the defendant fifty dollars damages on the following complaint:—

"1. That on the thirteenth day of February, 1889, the defendant entered the premises of the plaintiff, in the town of Rincon, and unlawfully and willfully and mali-

ciously broke open the plaintiff's barn, and turned out
the plaintiff's horse, which became estrayed, and said
defendant also willfully and maliciously entered a build-
ing used and occupied by plaintiff as a cook-house and
storehouse, and took therefrom the farming tools, con-
sisting of shovels, hoes, etc., and otherwise willfully and
maliciously trespassed upon said premises.  Plaintiff
further alleges that, without giving legal notice, the
defendant ordered plaintiff's family to quit said prem-
ises, and abused the wife of the plaintiff with rude and
violent language, inspiring her with terror, and caus-
ing her great mental suffering.   2. That the plaintiff
was damaged by said unlawful act of defendant in the
sum of $299 and costs."

The answer to this complaint was merely a denial of
each and every allegation of the complaint.

Upon objection to the introduction of this transcript
from the justice's court, the court ruled that it was not
proper to introduce it at that time for the purposes pro-
posed, and said: "It might be competent at some other
time; you simply ask a witness a certain question, and
then wish to contradict him at this time."

In this there was no error.   The witness had not been
asked any question as to what he had admitted or alleged
in the action in the justice's court, nor had his attention
been called to the transcript of the case.   If that tran-
script contained evidence relevant for the defense, it was
not proper for defendant to introduce it at that time for
the purposes proposed.   It was afterwards offered, how-
ever, at a proper time, and excluded by the court; but
the defendant did not except to the ruling of the court
in finally excluding it.

5. The instructions of the court to the jury were as
favorable to the defendant as he was entitled to ask, and
there was no exception to any instruction given.

The instruction asked by defendant and refused by
the court was not applicable to the evidence.   There
was no evidence tending to prove such an agreement

or understanding as that stated in the instruction refused.

I think the judgment and order should be affirmed.

FITZGERALD, C., and BELCHER, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.